INHABITANTS OF FREETOWN & another *vs.* HENRY H. FISH & another.

Bristol. Oct. 25. — Nov. 3, 1877. LORD & SOULE, JJ., absent.

A bill in equity cannot be maintained against the trustees of personal property, placed in their hands as an accumulating fund for the future benefit of the heirs of a testator, for a tax assessed under the Gen. Sts. c. 11, § 12, *cl.* 6, to such heirs, although the heirs are not pecuniarily responsible.

BILL IN EQUITY, filed July 6, 1876, by the inhabitants of the town of Freetown and the tax collector of that town, against the trustees under the will of Job Terry, late of Freetown, deceased, containing the following allegations :

That Job Terry died in 1861, leaving a will which contained the following bequest : " I give, bequeath and devise all my bank and railway stock, wheresoever being, unto Henry H. Fish and Leander Borden of Fall River, in said county of Bristol, to have and to hold the said stocks upon the trusts and for the purposes and intents hereinafter mentioned; that is to say, that they, the said trustees, will take into their possession said stocks, with power to sell and convey the same, or any part thereof, and the moneys accruing therefrom; and the dividends, interests and profits thereof, from time to time at their discretion will invest

in safe and profitable money stocks, or in mortgages on good real estate; and in further trust that the said trustees will from time to time pay unto my grandchildren so much of the net yearly income of said trust fund, and the dividends, interests and profits thereof, as they in their discretion shall deem necessary, suitable and proper for their good education and support, not to exceed in any one year the sum of one thousand dollars; and in further trust that the said trustees shall at the expiration of twenty years from the day of my decease pay over to my heirs at law all the said trust fund, with the dividends, interests and profits thereof, to be divided between them according to law."

That the grandchildren and heirs at law of said Terry, alluded to in said will, namely, David Terry and Abbie Evans, have for many years resided and still reside in said Freetown; and that said trustees have in their hands a large amount of personal property in trust, under said bequest, which is properly taxable in Freetown to the heirs at law, as an accumulating fund under the Gen. Sts. c. 11, § 12, cl. 6; and the taxes thereon have for many years been duly paid by the trustees to the town of Freetown.

That in the year 1875 said property was duly assessed in Freetown to said heirs, with a state, county and town tax, to the amount of $256.50; that a warrant for the collection of the same was duly committed to the tax collector on August 27, 1875, and was duly demanded of said trustees on or about October 1, 1875, but said trustees refused to pay the same.

That said property is not liable to distress for the collection of said tax, that no action at law will lie against said trustees for the same, and that said heirs at law are not legally or pecuniarily responsible for the same, and that the plaintiffs have no plain, adequate and complete remedy at law for the collection of said tax; and that this matter relates to the enforcement and regulation of the execution of a trust relating to personal estate.

The prayer of the bill was that the defendants might be ordered to pay the tax.

The defendants demurred to the bill, assigning as cause of demurrer that they were not liable to pay the tax. The demurrer was sustained; and the plaintiffs appealed.

*E. H. Bennett*, (*H. J. Fuller* with him,) for the plaintiffs, was first called upon. The property in the hands of the trustees was rightly taxed as an " accumulating fund," under the Gen. Sts. *c.* 11, § 12, *cl.* 6. *Hathaway* v. *Fish*, 13 Allen, 267. Being rightly taxed in the plaintiff town, where the heirs reside, such town has a right to collect it. The trustees are not liable for it in an action at law, since such action lies only against a " person taxed." Gen. Sts. *c.* 12, § 19. It is the duty of trustees to discharge a lien on property in their hands, such as taxes and assessments. " Where trustees are in possession, and have the management of the estate, they must pay all rates and taxes." 2 Perry on Trusts (2d ed.), § 527. The direction to them to pay the net income to the grandchildren implies they were to pay all current expenses out of the fund. Such duty may properly be enforced by a bill in equity, both on general principles of equity, and under the Gen. Sts. *c.* 113, § 2, being a proceeding for the enforcing and regulating the execution of a trust.

*E. Williams*, for the defendants, was not called upon.

MORTON, J. In *Hathaway* v. *Fish*, 13 Allen, 267, which was an action of contract brought by the collector of the town of Freetown to recover a tax for the year 1865, assessed upon the trust fund in the hands of the defendants, the court held that the fund was an accumulating fund which, under the Gen. Sts. *c.* 11, § 12, *cl.* 6, was taxable only to the heirs at law at their place of residence and not to the trustees. This is decisive of the case at bar. There has been no change in the circumstances of the parties. Now, as then, the heirs at law reside in Freetown. They alone are taxable upon this fund, and the trustees are not liable to the town in any form of action. The right to assess and collect taxes is created and regulated by statute. The town can collect the taxes in suit of the heirs at law in the modes provided by statute ; but there is no provision by which towns, having assessed the taxes upon an accumulating fund to the heirs at law or other persons beneficially interested, can recover them of the trustees. We are therefore of opinion that this bill cannot be maintained. *Bill dismissed.*\*

* See St. 1878, *c.* 189.