HENRY W. DAVIS *vs.* ANNE M. MACY.

Suffolk. Jan. 25. — March 1, 1878. ENDICOTT & SOULE, JJ., absent.

Under the Gen. Sts. *c.* 11, § 12, *cl.* 6, an accumulating fund in the hands of a trustee, where part of the beneficiaries under the trust are residents and part of them nonresidents of this state, is taxable to the trustee, in the place of his residence, to the extent only of the portion in his hands belonging to beneficiaries who are non-residents; but if the trustee is taxed for the whole fund, and fails to apply for an abatement on the ground of overtaxation, he is liable for the entire tax.

CONTRACT on the Gen. Sts. *c.* 12, § 19, by the collector of taxes of Nantucket for the year 1875, to recover a tax duly assessed that year upon a trust fund in the hands of the defendant. Writ dated December 12, 1876. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on the following agreed facts:

The defendant was duly appointed, and now is, trustee under the will of Selina Herring, late of Boston, deceased, whose will was proved and allowed in the Probate Court for the county of

Suffolk, on March 17, 1856, the original trustee named therein having deceased. The fourth clause of her will was as follows:

"All the rest, residue and remainder of my estate, real and personal, I do give, devise and bequeath to Henry Dawes, of said Boston, his heirs and assigns, in trust nevertheless to and for the following purposes; that is to say, in trust, to hold and manage the trust estate, and to add interest to principal from time to time, using a reasonable and sound discretion in making all investments, and to allow the trust estate so to accumulate until the decease of the said Thomas J. Herring, my surviving son; and upon said decease I do order and direct that the said trust estate shall be equally divided among all my grandchildren who shall then be alive, the issue of any deceased grandchild, however, to take the same share its parents would have had. But as respects the share or part of my grandson Roger, the only child of my deceased son, John M. Herring, I do will and order that the same be still held in trust by the said Dawes or such other trustee as shall be lawfully appointed thereto, the income and interest only to be paid over to the said Roger during his natural life; and from and after his decease I do give and bequeath his said share or part to his lawfully begotten issue; and if he shall have no issue living at the time of his decease, then I do give and bequeath the same to my other grandchildren then alive and their issue, in the manner aforesaid."

The defendant accepted the trust prior to the first day of May, 1875, and continues therein; ever since her appointment, a fund has been accumulating in her hands under the testamentary provisions above set forth; and upon said first day of May she was an inhabitant of Nantucket.

Thomas J. Herring, named in the will, is still living, and on said first day of May was an inhabitant of Boston. On that day there were six grandchildren of the testator living, three of whom lived in this Commonwealth, and three in other states.

*G. Marston*, for the plaintiff.

*G. A. King*, for the defendant.

AMES, J. The assessment of taxes upon personal property held in trust is regulated by the Gen. Sts. *c.* 11, § 12, cls. 5, 6 The fifth clause provides in substance that where the trustee is required by the terms of his trust to pay the income of the fund

in his hands to another person, the tax shall be assessed upon the trustee in the place in which such other person resides, "if within the state:" and if he resides out of the state, in the place where the trustee resides. By the sixth clause, such property, if put in trust "as an accumulating fund for the future benefit of heirs or other persons, shall be assessed to such heirs or persons, if within the state, otherwise to the person so placing it or his executors or administrators until a trustee is appointed to take charge of such property, or the income thereof." This ·clause does not in terms provide what is to be done after such a trustee is appointed; but we certainly are not at liberty to suppose that, on the happening of that event, the property is to cease to be taxable. On the contrary, as the tax upon the executor or administrator is expressly made provisional and temporary, to continue only while the office of trustee is vacant, we must infer that, after that vacancy is filled, the tax is to fall upon the trustee.

There can be no doubt that the fund in the hands of the defendant was intended by the testator as an accumulating fund within the meaning of the sixth clause. It is expressly so described in the will. If the beneficiaries under the trust were all of them residents of this state, there could be no question that they would be the proper parties to be taxed, and the only parties who could be taxed for the property so held. *Hathaway* v. *Fish*, 13 Allen, 267. It is contended that this clause has made no provision for a contingency that must sometimes happen, and that has arisen in this case, namely, that some of the beneficiaries under the trust reside without, and some within, the state. And it is argued on behalf of the defendant that there is no power to assess taxes except what is given by statute, and that there is no statute which reaches this particular case.

But nothing can be plainer than the purpose of the statute to make all the property in the Commonwealth, not included in certain specific and carefully defined exemptions, liable to contribute in due and just proportion to the burden of public expenditure. If the sixth clause must be construed with the strictness required in the case of a penal statute, a question might well be raised whether the "heirs or persons," whose place of residence is to be decisive as to the mode of assessment and

the persons to be assessed, can be said to reside "within the state," when some of them, and as in the present case half of them, reside elsewhere. If those words of the statute are to be taken collectively, as describing a class of persons, why does not the limitation as to residence apply to the entire class? For the purposes of the present case, however, we do not find it necessary to discuss this question, as it admits of being disposed of upon a different ground.

The clause now under consideration was taken from the Rev. Sts. *c.* 7, § 10, *cl.* 6, with a very slight alteration. In the Revised Statutes the provision was that the assessment should be to the " person " for whose benefit the fund was accumulating, if within the state. In the present statute, the expression is, " to such heirs or persons, if within the state." We cannot suppose that this change of expression has really made any change of meaning. In the construction of our statutes, words importing the singular number may extend and be applied to several persons or things; and in like manner the plural may include the singular. Gen. Sts. *c.* 3, § 7, *cl.* 2. We think therefore that, without any violence to established rules of construction, and in obvious conformity to the general scope and purpose of the statute, we may construe the clause as meaning that, of the heirs or persons intended to be benefited by the proposed accumulation, such as are within the state shall be taxable at their respective places of residence, and that, as to non-residents, the tax shall be on the person having charge of the fund, the tax in each case to be in proportion to the interest of the respective parties. The recent decision in *Freetown* v. *Fish*, 123 Mass. 355, is not in conflict with this conclusion. In that case, all the heirs resided in the same town.

If this view of the case is correct, the defendant was liable to be taxed by the assessors of Nantucket to the extent of one half of the fund in her hands. If she was overtaxed, her remedy could only be obtained on an application for an abatement. No such application having been made, the whole amount of the tax can be recovered of her in this action. *Bates* v. *Boston*, 5 Cush. 93. *Bourne* v. *Boston*, 2 Gray, 494.

*Judgment for the plaintiff.**

---

* See St. 1878, *c.* 189.