The Jamaica and Brooklyn Road Company, Appellant, *v.* The City of Brooklyn, Respondent.

Under the provisions of the Plank and Turnpike Road Act (§ 4, chap. 87, Laws of 1854, as amended by chap. 546, Laws of 1885), exempting the property of a plank-road or turnpike-road company from taxation or assessment, until its surplus annual receipts for tolls "shall exceed seven per cent per annum on the first cost" of the road, and providing that, in case of any disagreement between the assessors and the company con-

cerning such exemption, the company may apply to the county judge of the county, and that "his decision shall be final," the remedy so given to the company is exclusive, and an action is not maintainable to determine as to whether the company has been unlawfully taxed.

It is the duty of such a company to ascertain, if it claims exemption, whether its property has been assessed, and, if so, to take the proceedings prescribed by the statute to have the question determined; it may not rely upon a notice, given in advance to the assessors, that its property is exempt, and omit subsequent inquiry.

(Argued October 15, 1890; decided October 28, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made June 25, 1888, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward S. Church* for appellant. The Special Term erred in making its computations to ascertain what the surplus annual receipts of tolls on plaintiff's road were during the several years referred to. (Laws of 1854, chap. 87, § 4; Laws of 1855, chaps. 346, 546; 2 R. S. [7th ed.] 1345; Laws of 1807, chap. 38; 2 R. L. 225, §§ 1, 3; Laws of 1847, chap. 210; Laws of 1849, chap. 250, § 6; Laws of 1890, chap. 566.) If the property of the plaintiff were taxable or assessable at all, it could only be taxed or assessed as an entirety. (Laws of 1873, chap. 863, § 3; 2 R. S. [7th ed.] 990, 991, §§ 6, 9, 13; Laws of 1875, chap. 411, §§ 2, 5; *In re N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 342; *Tallman* v. *White*, 2 id. 66; *Cruger* v. *Dougherty*, 43 id. 120; *People* v. *Fredericks*. 48 Barb. 173; Colby's N. Y. R. R. Laws, 483, 485.) The road of the plaintiff in the city of Brooklyn is vacant property, and so not assessable for water-rates. (Laws of 1859, chap. 396; *Remsen* v. *Wheeler*, 105 N. Y. 579; *Stuart* v. *Palmer*, 74 id. 183.) Sales for aggregate amounts which include the amount of any tax or assessment improperly laid are void. (*People* v. *Hagadorn*, 104 N. Y. 516; Blackwell

on Tax Tit. [4th ed.] 180, 184; *Ziegler* v. *Flack*, 22 J. & S. 69.) The registrar of arrears had no authority or power to sell the property of the plaintiff, taxed or assessed as hereinbefore shown, because of the failure to comply with the requirements of law. (*Thompson* v. *Burhans*, 61 N. Y. 65; Blackwell on Tax Tit. 276.) The courts were of the opinion that, as the plaintiff neglected to maintain before the county judge its claim to exemption in any of the years under consideration, they lost their right to object to the imposition of taxes, assessments or water-rates, even though they were void, and it were without the power of the city to impose them. This was error. (*People* v. *Wilson*, 119 N. Y. 515.) The Special Term found that in 1883 the board of assessors of the city of Brooklyn, under the provisions of chapter 118 of the Laws of 1883, examined into, adjusted and determined how much of the taxes, assessments and water-rates levied or imposed upon the plaintiff's real estate, prior to the 1st day of July, 1882, and then in arrears, which in fairness and justice ought to be assessed against the land, and did certify the amount to the registrar of arrears and the comptroller, and that thereafter the registrar of arrears proceeded to sell the land for the amounts of the certificates and issued certificates therefor to the purchasers respectively. · There was not, upon the trial, any evidence whatever given in support of this finding. The act was not even referred to on the trial, and the finding, being wholly unsupported by evidence, presents an error of law which requires a reversal of the judgment. (Code Civ. Pro. § 993; *Mason* v. *Lord*, 40 N. Y. 476; *Halpin* v. *P. Ins. Co.*, 118 id. 170; *Pollock* v. *Pollock*, 71 id. 140; *Remsen* v. *Wheeler*, 105 id. 579; Laws of 1859, chap. 396.) The city cannot dispute the title of the plaintiff to its road-bed; it has taken parts of it when laying out streets, and has paid for them; it has taxed and assessed the property, and it will not be permitted to tax the property, and then when plaintiff seeks to protect itself against the tax, say that plaintiff cannot be heard, because the act creating it is unconstitutional. (*People* v. *Hagadorn*, 104 N. Y. 516.)

*William T. Gilbert* for respondent. The remedy given by the statute in question, viz.: An appeal to and trial by the county judge, is exclusive of all other remedies, and the plaintiff having failed to take such appeal in any of the years, cannot now attack said taxes and sales. (*People ex rel.* v. *Comrs. of Taxes,* 99 N. Y. 254, 257; *People* v. *W. S. Bank,* 39 Hun, 525, 529; Burroughs on Tax. 238; Desty on Tax. 625; *People ex rel.* v. *Chatham,* 45 Hun, 7; *W. R. R. Co.* v. *Nolan,* 48 N. Y. 513, 519; *C. S. D. Appeal,* 56 Penn. St. 315; *Stewart* v. *Maple,* 70 id. 221; *Hicks* v. *Westport,* 130 Mass. 478–480; *Robinson* v. *Cook,* 2 MacArthur, 191, 194; *A. C., etc., Co.* v. *District of Columbia,* 1 Mackey, 217, 229– 231; *Crist* v. *Morris,* 11 Phila. 357; *Davis* v. *Macy,* 124 Mass. 193, 196; *Adsit* v. *Sieb,* 76 Ill. 198, 201; *Madison County* v. *Smith,* 95 id. 328; *Harris* v. *Fremont Co.,* 63 Ia. 639; Laws of 1854, chap. 87, § 4.) No question of fact is before this court for review, and this court will examine the evidence only to ascertain if there be any evidence to sustain the findings of fact. (*Quincy* v. *White,* 63 N. Y. 370, 375; *Reynolds* v. *Robinson,* 82 id. 103, 106; *Baldwin* v. *Doying,* 114 id. 452, 456)

Andrews, J. This is an action for equitable relief to procure the cancellation of taxes, assessments and water-rates imposed by the city of Brooklyn in the years 1881, 1882, 1883, 1884, 1885 and 1886 upon the property of the plaintiff, and to vacate sales of the plaintiff's property for non-payment thereof. The plaintiff is both a turnpike and railroad corporation, and, as such, maintains a turnpike-road partly within and partly without the city of Brooklyn in connection with a tramway.

The taxes, assessments and water-rates in question were assessed upon the lands of the plaintiff embraced in its turnpike-road within the city. It is claimed in behalf of the plaintiff that the property was exempt from taxation under the provisions of section 4 of chapter 87 of the Laws of 1854, as amended by chapter 546 of the Laws of 1855. That section is as follows: "§ 4. Toll-houses and other fixtures, and all property belonging to any plank or turnpike company shall be exempt

from taxation or assessment for any purpose whatever until the surplus annual receipts of tolls on their respective roads, over necessary repairs and a suitable reserve fund for repairs and relaying of plank, shall exceed seven per cent per annum on the first cost of such road. In case of any disagreement between the assessors of any town, village or city and any such company, concerning such exemption claimed, said company may appeal to the county judge of the county in which such assessment is proposed to be made, who shall, after due notice to the appealing party of such appeal, examine the books and vouchers of such company, and take such further proof as he shall deem proper, and shall decide whether such company is liable to taxation under this section, and his decision shall be final." The trial judge found that the surplus annual receipts of tolls on the plaintiff's turnpike-road, in each of the years mentioned except 1881, exceeded the limit in the statute. This finding was based upon the construction that in ascertaining under this statute the surplus annual tolls collected and received by the plaintiff, only two items are to be deducted from the gross receipts, viz.: The sum actually expended for necessary repairs during the current year, and, in addition, such sum, suitable in amount, as had been appropriated and laid aside by the company for future repairs, and that no deduction could be made for the expenses of collecting tolls, or for any current expenses except for necessary repairs. The counsel for the plaintiff insists that reading the statute in the light of the prior legislation, the intention, although obscurely expressed, was to exempt plank and turnpike-roads from all taxation unless the clear net annual income exceeded seven per cent on the original cost of the road, to be ascertained by deducting from the gross annual income all expense of operation and maintenance actually paid, and also such amount as was immediately needed for repairs, or to pay debts incurred therefor, but not paid, and a suitable reserve fund for future repairs.

We deem it unnecessary to pass upon the true construction of the statute in the respects indicated. It is, we think, a decisive answer to the action, as based upon the claim that

the plaintiff was exempt from all taxation in the years mentioned, that the same statute which gives the exemption points out the remedy in case of controversy. That remedy is an appeal by the company claiming exemption from an assessment, to the county judge, who is authorized to hear the parties and determine the controversy upon evidence, and his decision, the statute declares, "shall be final." The remedy is adequate and convenient, and is, we think, exclusive. The plaintiff could not pass by the tribunal especially created by statute to determine its claim to exemption, and resort to an action to enforce the privilege which the statute confers, in face of the clear legislative intention, to be inferred from the conjunction of the two clauses, that the privilege and the remedy, both given by the same statute, should go together. The case of *People ex rel. M. U. T. Co.* v. *Comrs. of Taxes* (99 N. Y. 254) was decided upon an analogous principle, and other adjudications support the same conclusion. (*People* v. *W. S. Bank*, 39 Hun, 525; *Davis* v. *Macy*, 124 Mass. 193; *Stewart* v. *Maple*, 70 Penn. St. 221.) The assessment of the plaintiff was of record. So far as appears, it had the notice of the proceedings of the taxing officers given to all owners of property. It was its duty, if it claimed exemption under the statute, to have ascertained whether its property was assessed, and to have taken proceedings under the statute to have the question of exemption determined. It could not rely upon a notice, given in advance to the assessors, that its property was exempt from taxation, and omit subsequent inquiry, and then, after the lapse of years, upon finding that its property has been taxed and sold, come into a court of equity for relief on the ground that, in fact, it was entitled to the exemption. This conclusion, we think, disposes of the case.

But it is now claimed that the action is supported on an independent ground, and that is that, assuming the plaintiff's property was taxable, the taxes were illegally laid by reason of a departure of the assessors, in assessing the property, from the mode of assessment prescribed by statute, and, in respect to the water-rates, that there was no right to impose them,

because the property was vacant and, therefore, not assessable for water-rates, under our decision in *Remsen* v. *Wheeler* (105 N. Y. 579.) These objections were plainly afterthoughts, and the questions thus raised are not within the issues made by the pleadings or tried by the court. The complaint sets out, at great length, facts showing that the plaintiff has succeeded to all the rights and exemptions possessed by certain other plank-road and turnpike companies, and this is followed by a general allegation that, contrary to the statute, taxes, assessments and water-rates were assessed upon its property and sales made thereunder, which are clouds upon its title, and concludes with a prayer for their cancellation and an injunction against the imposition of any tax, assessment or water-rate upon its property. There is no hint that there is any ground for relief except under the exemption statute.

On the trial, the plaintiff gave evidence of the devolution of its title and of the facts bearing upon its right to exemption from taxation. The map and exhibits, which are now claimed to show that the assessments were irregular, were apparently introduced to identify the property taxed and sold, and as to which the plaintiff claimed relief in case the right of exemption was established. On the submission of the case, the plaintiff's counsel requested a finding that the assessments were made, not upon the property of the plaintiff as an entirety, but "upon separate and distinct portions thereof, arbitrarily divided and laid out by the agents and officers of the defendant, and in such a way that some parts of the road were not in any respect assessed." There is no evidence to support the part of the proposed finding that the assessors arbitrarily subdivided the land into lots, or as to who made the subdivisions, and this request was properly refused, and an exception to the refusal to find this request furnishes the only basis for a review of the case as to the mode of assessment.

The plaintiff also excepted to the refusal of the court to find that the property was vacant. It was not vacant in any legal sense. It was used by the company for its road. Upon this exception, the plaintiff's counsel argue the illegality of the

,assessment for water-rates. We think no question is legitimately in this case except the one arising on the claim that the taxes were illegally assessed, because of the exemption in the statute of 1855, and the action in this aspect fails because the plaintiff was bound to pursue the remedy therein provided.

The judgment should be affirmed.

All concur.

Judgment affirmed.