LEWIS PARKHURST & others, trustees, *vs.* INHABITANTS OF WINCHESTER.

Suffolk.   October 21, 1919. — November 25, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Trust,* Construction.  *Tax,* Upon trust property.

Where, by the provisions of a will, a fund is placed in trust for the obvious dominant purpose of paying, first, certain fixed sums called "annuities" at stated intervals to the testator's immediate family and other beneficiaries, and, after such payment is assured, other sums to various charitable institutions, the fund is not one held mainly for the future benefit of residuary legatees subject to certain annuities, and therefore is not taxable under St. 1909, c. 490, Part I, § 23, cl. 6, and is taxable under cl. 5 of that section as property held in trust, the income of which is payable to another person.

APPEAL, filed in the Superior Court on December 4, 1916, from the refusal of the assessors of taxes of the town of Winchester to abate a tax of $14,753.15 assessed upon property of the petitioners, trustees under the will of Edwin Ginn, late of Winchester, in the year 1916.

The petition was heard upon an agreed statement of facts by Raymond, J., without a jury. Material facts are stated in the opinion. The judge ruled that, except as to interests held for charitable corporations and as before conceded, the funds in the hands of the trustees were properly assessable under St. 1909, c. 490, Part I, § 23, cl. 5, and that clause 6 of that section did not apply to the property returned for taxation in this case, and refused to rule that that proportion held for the benefit of charitable corporations within the State was not exempt from taxation; and at the request of the parties reported the case to this court for determination.

St. 1909, c. 490, Part I, § 23, cls. 5 and 6, referred to in the opinion, are as follows:

"Section 23. All personal estate, within or without the Commonwealth, shall be assessed to the owner in the city or town in which he is an inhabitant . . . except as provided in Part III and in the following clauses of this section: — . . .

"Fifth, Personal property held in trust by an executor, administrator or trustee, the income of which is payable to another person, shall be assessed to the executor, administrator or trustee in the city or town in which such other person resides, if within the Commonwealth; and if he resides out of the Commonwealth it shall be assessed in the place where the executor, administrator or trustee resides; and if there are two or more executors, administrators or trustees residing in different places, the property shall be assessed to them in equal portions in such places, and the tax thereon shall be paid out of said income. If the executor, administrator or trustee is not an inhabitant of the Commonwealth, it shall be assessed to the person to whom the income is payable, in the place where he resides, if it is not legally taxed to an executor, administrator or trustee under a testamentary trust in any other State.

"Sixth, Personal property placed in the hands of a corporation or individual as an accumulating fund for the future benefit of heirs or other persons shall be assessed to such heirs or persons, if within the Commonwealth, otherwise to the person so placing it, or his executors or administrators, until a trustee is appointed to take charge of such property or of the income thereof."

*F. W. Knowlton*, for the petitioners.

*R. E. Joslin*, for the respondent.

DE COURCY, J. This appeal was filed by the trustees under the will of Edwin Ginn, upon the refusal of the assessors of the defendant town to abate certain taxes assessed in the year 1916. The case was heard in the Superior Court upon an agreed statement of facts. The judge made certain rulings of law, and reported the case to this court, with a statement that "abatements shall be ordered to the extent to which the Supreme Judicial Court may find assessments improperly levied."

On April 1, 1916, there was in the hands of the trustees more than a million dollars worth of property, of a nature to be taxable if held for taxable beneficiaries. In *Parkhurst* v. *Ginn*, 228 Mass. 159, which was a petition for instructions by the trustees, appears a summary of the provisions of the will, and of the trust created by article fifteen, which need not be repeated here. A portion of the tax in controversy is on the interest in the trust fund held for the World Peace Foundation, a Massachusetts corporation which is entitled to a large annual payment by the terms of the eleventh clause of said article fifteen. Since the assessment of the tax, it has been decided that this corporation is a charitable institution, within the meaning of the taxation exemption statute, St. 1909, c. 490, Part I, § 5, cl. 3. *Parkhurst* v. *Treasurer & Receiver General*, 228 Mass. 196. Counsel for the respondent now concedes that the portion of the tax assessed under this item cannot be sustained. On the other hand, the petitioners now concede that its proportionate interest in the taxable fund was rightly assessed to Westbrook Seminary, which is not a Massachusetts institution.

The contentions between the parties have narrowed to the assessment on that taxable property of the trust fund from which are derived certain annuities or legacies, mostly payable to members of the testator's family. The petitioners admit that if this property is assessable under St. 1909, c. 490, Part I, § 23, cl. 5, — as property in the hands of trustees, the income of which is payable to another person, — it was properly assessed to the trustees. But they maintain that the fund in their hands is "an accumulating fund for the future benefit of heirs or other persons;" and assessable under cl. 6, not to the trustees but to such heirs or persons, if within the Commonwealth. Unless it clearly appears that the testator intended primarily to create an accumulating fund, we should hesitate to so construe it, in view of the difficulty in collect-

ing such a tax from heirs residing in this Commonwealth who may be unable to pay it. See *Hathaway* v. *Fish*, 13 Allen, 267, and *Freetown* v. *Fish*, 123 Mass. 355, which resulted in St. 1878, c. 189, § 4, now St. 1909, c. 490, Part II, § 35. *Davis* v. *Macy*, 124 Mass. 193. But an examination of the will, and especially of paragraph fifteen creating this trust fund, plainly discloses that the dominant purpose of the testator was, not to accumulate a fund for future beneficiaries but to support the payments of "annuities" to his wife, his children, and other beneficiaries. Fixed amounts must be paid to them quarterly. Although Mr. Ginn correctly anticipated that his estate would be ample to provide for all his intended benefactions, he safeguarded these annuities and gifts by providing that they should be paid in full before any payment should be made under said paragraph fifteen to the World Peace Foundation. It was only after sufficient trust funds should be reserved to provide for outstanding annuities and other gifts of income, that bequests to Tufts College, Westbrook Seminary and Ingleside Home were to be made. Indeed it depends upon many contingencies whether the ultimate beneficiary, the Charlesbank Homes, will ever receive anything. The provisions made in relation to contingent future gifts, such as that of shares in Ginn and Company to his sons, are incidental to the main purpose of providing for his family. The clause in favor of the World Peace Foundation need not be specially considered, as that gift is tax exempt. Without further detailed analysis of paragraph fifteen, it seems to us that in its essentials the trust fund is held primarily for the purpose of paying certain annual sums from the income (and principal, if necessary), to the testator's family and other specified beneficiaries, and not mainly for the future benefit of residuary legatees, subject to certain annuities, as in *Williston Seminary* v. *County Commissioners*, 147 Mass. 427. This item was rightly assessed in the first instance to the trustees, under cl. 5 of § 23.

The petitioners are entitled to an abatement of the tax assessed and paid in connection with the World Peace Foundation. Accordingly judgment is to be entered in their favor for $5,125.05, with interest from October 31, 1916, the date of its payment.

*So ordered.*