CITY OF AUGUSTA *vs.* DAVID P. KIMBALL, and another.

Kennebec.    Opinion June 17, 1898.

*Taxes.    Non-Resident Trustees.    R. S., c. 6, § 14, cl. 6.    Stat. 1889, c. 175.
Pub. Stat. of R. I., c. 42, § 12.*

When the estate of a Maine decedent has been fully administered, and has vested in non-resident testamentary trustees, and the property has been removed by them from the state, they cannot be directly taxed in this state for such property, although they have qualified as such trustees in the Maine Probate Court which confirmed their appointment by the decedent, and although the beneficiaries under the trust reside in this state.

*Semble :* The beneficiaries under such a trust resident in this state can be directly taxed here upon their beneficial interest in the trust estate.

ON AGREED STATEMENT.

The case is stated in the opinion.

*W. S. Choate ; Thos. Leigh, Jr.,* city solicitor, for plaintiff.

*H. M. Heath and C. L. Andrews,* for defendants.

SITTING: PETERS, C. J., EMERY, WISWELL, STROUT, FOGLER, JJ. HASKELL and SAVAGE, JJ., non-concurred.

EMERY, J.    By his will probated in Kennebec county Horace Williams, late of Augusta in that county, appointed the defendants executors of the will, and also devised the residuum of his estate to them as trustees for the purposes therein named.    Prior to April 1, 1896, the defendants had fully executed the will and had been discharged as executors.    They took out letters from that court as trustees under the will to execute two trusts therein created: — (1) to set apart and hold sufficient of the estate to provide annuities for eight different persons, two of whom lived in Augusta, and the others of whom lived without the State; — (2) to hold all the rest of the estate, and the reversion of that portion set apart for annuities, in trust to be divided at a future time among certain descendants of the testator.    They qualified as such trustees and filed in the Probate Court a schedule of the property held

under each trust. The property by them held under the first trust, that for annuities, consisted entirely of stocks, bonds and mortgages of corporations and lands without the state. The securities themselves were all kept without the state in Boston, Massachusetts, and were there held in actual possession by the defendant Kimball and under the personal control of both defendants. Neither defendant was a resident of or domiciled in Maine, the defendant Kimball being a resident of Massachusetts, and the defendant Vandewater being a resident of Tennessee.

The tax assessors of Augusta for the year 1896 desired to subject to taxation in Augusta the interest of the two annuitants living in Augusta. They did not assess a tax directly against these annuitants for the annuities payable to them, nor for any sums due them or to come to them under the trusts. They instead undertook to assess directly against the defendants a tax upon the corpus of so much of the estate thus held by them in trust, as was held to provide the annuities for the two Augusta annuitants, which amount the assessors calculated to be sixteen fifty-fifths of the whole property scheduled under that trust.

This suit is for that tax. The plaintiff contends that the Augusta assessors were empowered to make the assessment on the corpus of the estate, and directly upon the defendants, by the statute, R. S., ch. 6, § 14, cl. 6, as amended by c. 175 of Laws of 1889, which is as follows:

"Personal property held in trust by an executor, administrator or trustee, the income of which is to be paid to any other person, shall be assessed to such executor, administrator, or trustee, in the place where the person to whom the income is payable as aforesaid, is an inhabitant. But if the person to whom the income is payable as aforesaid, resides out of the state, such personal property shall be assessed to such executor, administrator, or trustee, in the place where he resides."

The defendants contend that the section cited did not and could not empower the assessors of Augusta to assess any such tax against them, being non-residents and non-domiciliants of the state, upon their property also entirely without the state.

If the defendants' title to the property thus situated had come to them from any other source than a devise to them as trustees under a will made by a resident of Maine and probated in Maine with a confirmation of the trust by a Probate Court in Maine, it would be evident that this state could not by any statute effectually empower the assessors of any town to assess a tax directly against them for this property. Neither they nor the property were within the state or within its jurisdiction or reach. Conceding, for the sake of the argument at least, that the state can tax every person subject to its jurisdiction for all of his property wherever situated,— and can tax persons without its jurisdiction for all their property left by them within its jurisdiction, — yet the taxing power of the state necessarily stops at the state boundary lines. It cannot reach over into any other jurisdiction to seize upon persons or property for purposes of taxation. Apart from the source of their title and authority as trustees, these defendants could not be made in any way amenable to the taxing powers of this state, since neither they nor any of their property were within the state or subject to its jurisdiction. *Railroad* v. *Jackson,* 7 Wall. 262; *Foreign-held Bonds Tax Case,* 15 Wall. 300; *N. Y., L. E. & W. R. R. Co.* v. *Pennsylvania,* 153 U. S. 628; *Graham* v. *St. Joseph,* 67 Mich. 652; *South Nashville St. R. R. Co.* v. *Morrow,* 3 Pickle, 406, 2 L. R. A. 853, (Tenn.); Cooley on Taxation, 15. The statute cited could not affect trustees and property thus situated even though the beneficiaries should reside in this state.

The question, therefore, is whether the circumstances, that these non-resident owners in trust of property without the state derive their title from a devise under a Maine will through confirmation by a Maine probate court, and have agreed to render accounts in that court, bring them or the property fairly and effectually within the purview of the statute.

The plaintiff's theories seem to be,— (1) that although the defendants as individuals and in every other capacity are non-residents, yet as such trustees and in that capacity they have become so far residents of this state that its tax statutes will actually and effectually grasp them; (2) that, although all the articles of the

property devised to them or purchased by them with trust funds are actually without the state and physically beyond its reach, yet the estate which they form is that of the deceased Horace Williams and hence the estate, the entity, (of which the various articles are only component parts,) is under the control of the proper Maine probate court, and thus holds their situs within this state. These are ingenious theories, but they will be found to run against actual facts and conditions.

I. The defendants themselves, the persons who own the property although in trust, none the less and notwithstanding the plaintiff's theory, actually reside without the state with no domicil in the state. They acquire thereby none of the peculiar rights or privileges of a resident of Maine. Should they bring suits in the courts of Maine to enforce against strangers their title to any of this property, they could be required to furnish security for costs as non-residents. They cannot maintain suits concerning the trust property in the Federal Courts in Maine against citizens of other states, but can maintain such suits in those courts (if for the requisite amount) against citizens of Maine. If themselves sued as such trustees in a state court by a citizen of Maine for the requisite amount, they could remove the suit to the proper Federal Court upon the ground of diverse citizenship. Indeed, the plaintiff suggests that this suit could be maintained against them in the Federal Courts in the states of their residence, thereby conceding them to be non-residents of this state even as trustees.

Although their title to the property came to them from a resident of Maine through a probate court in Maine, the title is in them and not in the court. The property vested in them. They were not annexed to the property. There was no loss nor division of the personalty of. either. So long as either is resident without the state, he is not resident within the state.

These propositions, if not self-evident, are fairly deducible from judicial decisions; see among others, *Childress* v. *Emory*, 8 Wheat. 642; *Rice* v. *Houston*, 13 Wall. 66; *Relf* v. *Rundle*, 103 U. S. 222; *Hess* v. *Reynolds*, 113 U. S. 73; *Clark* v. *Bever*, 139 U. S.

96; *Anthony* v. *Caswell,* 15 R. I. 159; *Pet. of Ailman,* 17 R. I. 363; *Clark* v. *Powell,* 62 Vt. 442; *People* v. *Assessors of Albany;* 40 N. Y. 154; *People* v. *Coleman,* 119 N. Y. 137; *Latrobe* v. *Baltimore,* 19 Md. 13; *Appeal Tax Court* v. *Gill,* 50 Md. 377, *Davis* v. *Macy,* 124 Mass. 193; *Price* v. *Hunter,* 34 Fed. Rep. 355; *Detroit* v. *Lewis,* (Mich.) 32 L. R. A. 439.

II. The other theory of the plaintiff seems equally opposed to actual facts and conditions. The estate of Horace Williams no longer exists. Its official custodians as such estate, the executors, have been discharged. It has been settled and distributed, and the distributed portions have vested in new and different owners. The portions now under consideration, the bonds, mortgages and stock certificates, etc., vested in non-residents, and were transferred by their non-resident owners to Massachusetts and there they actually are. The corporation and lands, out of which these securities arose, were and remain out of the state. The plaintiff's theory is not powerful enough to bring within the state any of these securities, corporations or lands. They are still in fact beyond the reach of any levying process this state can devise. No officer, however armed by statute or court process of this state, can seize upon it for taxes or other claims. The securities are held by their owners within the jurisdiction of Massachusetts, within reach of its officers and processes, and, so far as this state is concerned, are wholly subject to such taxes as that state may see fit to impose. They cannot escape her taxing power by any theory of constructive situs which the plaintiff or this court may advance. *Catlin* v. *Hull,* 21 Vt. 152; *People* v. *Ogdensburgh,* 48 N. Y. 390; *People* v. *Smith,* 88 N. Y. 576–585; *The Whiting case,* 150 N. Y. 27; *The Morgan case Ib.* 37; *Houdayer case Ib.* 37; *Kirtland* v. *Hotchkiss,* 100 U. S. 491; *Tappan* v. *Bank,* 19 Wall. 490, 499; *Redmond* v. *Rutherford,* 87 N. C. 122; *State* v. *St. Louis County,* 47 Mo. 454; *Frinch* v. *York County,* 19 Neb. 50; *Buck* v. *Miller,* (Ind.) 37 L. R. A. 385; *Schmidt* v. *Failey,* (Ind.) 37 L. R. A. 442.

The only case cited which apparently supports the plaintiff's theory is *Lewis* v. *Chester County,* 60 Pa. St. 325. In that case,

Mrs. Lewis, while residing in New York, became executrix and testamentary trustee of the estate of a New York decedent in the Surrogate Court of that state. She settled her final account as executrix, but no order of distribution was made and she was not discharged as executrix. She was directed to retain and invest the balance until distribution should be ordered. She afterward, but before distribution, removed to Pennsylvania and invested part of the estate in mortgages upon lands there. The court held that under the Pennsylvania statute she could be taxed there for those mortgages, but also held that the statute did not extend to the property invested in other states. The court seemed to assume that Mrs. Lewis in relation to the estate so held by her was taxable in New York, but such an assumption was not necessary to the decision and is only dictum.

In that case, however, the estate had not been distributed, and was regarded as still the estate of the New York decedent, and not as Mrs. Lewis' estate. In the case at bar, the estate had been distributed and could no longer be regarded as the estate of the Maine decedent.

On the other hand, the case *Anthony* v. *Caswell*, 15 R. I. 159, seems to be express authority against the plaintiff. The Rhode Island statute was very like ours, and was thus quoted by the court:—

"All personal property held in trust by any executor, administrator, or trustee, the income of which is to be paid to any other person, shall be assessed against the executor, administrator, or trustee in the town where such other person resides; but if such person resides out of the state, then in the town where the executor, administrator, or trustee resides, and if there be more than one such executor, administrator, or trustee, then in equal proportions to each of such executors, administrators, and trustees in the towns where they respectively reside." Pub. Stat. R. I. c. 42, § 12.

The defendant Caswell was trustee under a will and as such trustee held property in trust for two beneficiaries resident in Rhode Island, but the trustee himself was a resident of New York and none of the trust property was within the state of Rhode

Island. The court held that the defendant was not taxable in Rhode Island for the trust property without the state, and that the statute only extended to persons and things within the state. The case does not affirmatively disclose that the will under which the defendant Caswell claimed authority and title as trustee was that of a Rhode Island decedent probated in a Rhode Island court, but no other ground is disclosed as the basis of a power to assess and collect a tax against the non-resident defendant. If the defendant's title came from a will and probate in another state, so decisive a fact would have been mentioned by the court.

We must hold that our statute did not empower the assessors of Augusta to assess directly against these non-resident defendants, a tax upon the corpus of the property owned by them in trust and situated without the state, and hence that this action to recover such a tax cannot be maintained.

We do not hold, however, that the assessors of Augusta cannot assess a tax directly against the annuitants resident in Augusta for their annuities or other interests arising out of the property or trust.

*Judgment for defendants.*

HASKELL, J. I do not concur because I think the official residence of the trustees is where the trust is under administration.

SAVAGE, J., concurred.