Argued April 12, decided April 25, 1911.

## MARSHALL HARDWARE CO. *v.* MULTNOMAH COUNTY.

[115 Pac. 150.]

TAXATION—CHOSES IN ACTION—BUSINESS TRANSACTED IN THE STATE.
Section 3551, L. O. L., provides that all personal property situated or owned within the state shall be subject to taxation. Section 3553 pro-

vides that personal property shall include all things in action, money on hand or in deposit, all capital invested therein, and debts due or to become due, whether on account, contract, note, mortgage, or otherwise, either within or without the state. A corporation had its principal place of business in Minnesota, and operated a branch in Portland, Oregon. The Portland branch received payment for sales made in Oregon and other states, and collected all accounts incurred with it, retaining from $3,000 to $5,000 in bank to pay current expenses, remitting any excess to the main office. *Held,* that cash and accounts in the possession of the branch office, being a part of the Oregon business, are taxable at Portland, irrespective of the residence of the debtors.

From Multnomah:  WILLIAM N. GATENS, Judge.

This is a suit by Marshall-Wells Hardware Co. against Multnomah County and R. L. Stevens, sheriff of said county, to enjoin the collection of a tax levied and assessed upon certain personal property of plaintiff. From a decree in favor of defendants, plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Arthur C. Emmons* and *Mr. William M. Gregory,* with an oral argument by *Mr. Gregory.*

For respondents there was a brief and an oral argument by *Mr. Samuel B. Huston.*

Opinion by MR. CHIEF JUSTICE EAKIN.

This is a suit to enjoin the collection of a tax levied by defendant county upon the personal property of plaintiff.

Plaintiff was incorporated under the laws of New Jersey, and has its principal office in that state, but its principal place of business is in Duluth, Minnesota. There is nothing in the record, other than in the name itself, to disclose the particular business in which plaintiff is engaged. But it does appear that since the year 1903 it has conducted a branch business in Portland, Multnomah County, Oregon, in charge of Jay Smith, as manager, carrying a large stock of goods, which in 1906 was of the value of $350,000, and accounts accruing from

sales through the Portland branch in the sum of $225,000; sales having been made in Oregon, California, Washington, Alaska, British Columbia, and the Hawaiian Islands by traveling salesmen and by mail orders. More than half of these accounts were owing by residents of Oregon. If goods sold or ordered were not in the Portland stock, the manager ordered the same from the Duluth house. About 25 per cent of the goods sold by the Portland house were shipped direct to the purchaser by the Duluth house, without passing them through the Portland house, but the account of all sales made by the Portland house were kept only by it. The goods carried in stock by the latter house were ordered from the Duluth house, and if it did not have them in stock it ordered them from the factories, to be shipped directly to the Portland house, except that purchases were made by the Portland manager of such goods as are manufactured on this coast or handled here by representatives of the factories. The manager also extends all credit given to customers, except in cases where credit in an unusual amount is desired, in which case he refers the matter to the Duluth house. The Portland manager employs, pays, and discharges the traveling salesmen and sends them out, and the orders are sent usually to the Portland house. If sent to the Duluth house direct by the salesmen, the shipment is charged to the Portland house, and the account therefor carried on its books as part of the Portland business. No special agreement was made with the customers as to the place of payment of the accounts, but the Portland house receives the payment for these sales and collects all accounts incurred with it. It retains from $3,000 to $5,000 in the bank to pay current expenses, and when money is collected from these accounts it is deposited in the general fund, and remittances are made when the surplus amounts to $5,000 or $10,000.

The contention of plaintiff is that no taxes are payable in Oregon upon such accounts, for the reason that plaintiff is not a resident or inhabitant of the State of Oregon, and has merely a branch office in Multnomah County for the transaction of its business. Plaintiff relies exclusively for such exemption from taxation upon the rule that the situs of personal property follows the person of the owner. It concedes, however, that, for the purpose of taxation, that rule is modified by the statute and decisions as to tangible personal property, which is taxable where it is situated, but contends that the rule still operates as to intangible property, such as choses in action. Both the text-writers and the courts refer to this rule as a legal fiction, by which the situs of personal property is presumed to follow the domicile of the owner, but that it has no application in determining the situs of the property for the purpose of taxation; that the modification of the rule applies to intangible, as well as tangible, personal property. Many cases have held that, when bonds, notes, or other evidences of debt owned by a nonresident are in the possession and under the control of an agent for the purpose of renewal, they are within the power of the state where the agent resides to subject them to taxation.

By Sections 3551 and 3553, L. O. L., Oregon has made such choses in action the subject of taxation in this State, regardless of the domicile of the owner. By the former section all personal property situated or owned within this State, except such as is expressly exempted, shall be subject to assessment and taxation. By the latter section it is provided that personal property shall be construed to include all things in action, money on hand, or on deposit, and all capital invested therein, and debts due or to become due from solvent debtors, whether on account, contract, note, mortgage, or otherwise, either within or without the State. The decision in *Poppleton*

v. *Yamhill County,* 18 Or. 377 (23 Pac. 253: 7 L. R. A. 449), involved this question.  In that case the property was in Washington and the owner domiciled in Oregon, and it was held to have a situs in Washington, where the property was in possession of an agent, to be lent, and that it was taxable there, and not in this State.

In *Buck* v. *Beach,* 206 U. S. 392 (27 Sup. Ct. 712: 51 L. Ed. 1106), it is said that, for the purpose of taxation, it has long been held that personal property may be separated from the owner, and he may be taxed for it where the property is, regardless of the place of his domicile. To the same effect is *Monongahela River Consol. C. & C. Co.* v. *Board of Assessors,* 115 La. 564 (39 South. 601: 2 L. R. A. (N. S.) 637: 112 Am. St. Rep. 275) . *Metropolitan Life Insurance Co.* v. *New Orleans,* 205 U. S. 395 (27 Sup. Ct. 499: 51 L. Ed. 853), a case under the Louisiana statute, is to the same effect, where it is said that cash and bills receivable are, for the purpose of taxation, to be taken into account mereby because they represent the capital, and are not to be omitted because their owners happen to have a domicile in another state.  There is a valuable note to the case of *Buck* v. *Beach,* 206 U. S. 392 (27 Sup. Ct. 712: 51 L. Ed. 1106), in 11 Am. & Eng. Ann. Cas. 739, in which many cases are collated, citing with approval, among other cases, *Poppleton* v. *Yamhill County,* 18 Or. 377 (23 Pac. 253: 7 L. R. A. 449).

A case almost identical in facts with the one before us is *Armour Packing Co.* v. *Augusta,* 118 Ga. 552 (45 S. E. 424: 98 Am. St. Rep. 128), in which the plaintiff was incorporated under the laws of New Jersey with a place of business in Augusta, Georgia, in charge of a manager to whom it shipped meats to be sold, and the amounts received from sales were remitted directly to the Armour Packing Company at Kansas City, Missouri; none of the money being invested in Augusta.  The branch at Augusta does business on credit, as well as for cash, and in Janu-

ary, 1900, it had upon its books, due upon accounts for sale of meat, $6,000, and the question was whether the city of Augusta had the power to levy a tax thereon. In that case, as here, it was conceded that tangible personal property was taxable where it was situated, and that its situs did not follow the owner, but it was contended that the rule is otherwise as to intangible property. The opinion does not agree that this rule is universal, even as applied to that class of property; that many courts have held that negotiable instruments for taxation have a situs without regard to the residence of the owner, citing several cases, and says that the reasoning of these cases applies equally to other intangible property than negotiable securities; that this fiction has no application to matters of taxation in such a case as is presented by this record; that to all intents and purposes these notes and accounts are part of the business being conducted in Augusta, and represent a part of the capital employed in the business. That case fully sustains the case of *Armour Packing Co.* v. *Savannah,* 115 Ga. 140 (41 S. E. 237), which the court was asked to review and overrule. See, also, *In re Jefferson,* 35 Minn. 215 (28 N. W. 256); *Billinghurst* v. *Spink County,* 5 S. D. 84 (58 N. W. 272); *People* v. *Trustees of Village of Ogdensburg,* 48 N. Y. 390; *Walker* v. *Jack,* 88 Fed. 576 (31 C. C. A. 462).

In the case before us the choses in action were a part of the Oregon business, arising from sales made here, and the only evidence concerning them was in the hands of the Portland manager and were collectible by him; and whether the debtor is in or out of the state these debts are a part of the capital of the Oregon business, and were properly taxable in Multnomah County.

The judgment must be affirmed.        AFFIRMED.