OPINION
This cause and matter came on to be heard by the Board of Tax Appeals upon an appeal of the appellant, above named, from an order of the Tax Commissioner under date of December 29, 1939, making an assessment under the provisions of §§5327, 5328-1, and other related sections of the General Code of the credits of the appellant company for the year 1939 and determining the value and amount of the taxable credits of the company allocable to the State of Ohio and so assessed by the Tax Commissioner by assessment certificate under said date.
Said cause was heard upon the tax return and accompanying balance sheet filed by the appellant in and for said year, upon the other files of the Tax Commission and of the Tax Commissioner relating to said assessment, upon a *411 stipulation and additional and supplemental stipulations of facts signed by counsel and filed in the case, and upon the arguments and briefs of counsel.
Upon consideration thereof the Board of Tax Appeals finds that under date of April 28, 1939, the appellant filed its intangible and personal property tax return for said year together with balance sheet as of December 31, 1939, in which tax return and balance sr.<*,et the appellant set out the total amount of its accounts receivable on and as of tax listing day in the year 1939 in the amount of $1,010,-139.89, notes receivable in the amount of $838,812.41, and prepaid items in the amount of $47,562.26. In and by said tax return the appellant allocated of the foregoing items and as the part of said receivables allocable to Ohio for purposes of taxation in said year accounts receivable in the amount of $201,861.13, current notes receivable in the amount of $44,762.10, and prepaid items in the amount of $38,405.06. And deducting from the aggregate amount of the company’s receivables thus allocated to the State of Ohio for taxation the ascertained percentage of the company’s accounts payable, likewise allocable to this state, the appellant returned as net taxable credits of the company taxable in this state in the amount of $119,212.80.
The Tax Commissioner on audit ■of said tax return and balance sheet allocated to Ohio for purposes of taxation notes receivable of the company in the amount of $709,402.93, accounts receivable in the amount of $698,053.32, and prepaid items in the amount of $38,-405.06. And deducting from the aggregate amount of the company’s receivables thus allocated to Ohio the ascertained percentage of the current accounts payable and accrued items properly allocable to^ the State of Ohio' by way of deduction from said current receivables, the Tax Commissioner determined the net taxable credits of the company for said year in the amount of $605,121.00, resulting in an increased tax assessment against the appellant for the year 1939 in the amount of $1,457.72. Prom the assessment so made the appellant filed an appeal and an amended appeal with the Board of Tax Appeals.
In and by its amended appeal filed with this Board the appellant admits that of the total amount of accounts receivable of the company allocated by the Tax Commissioner to the State of Ohio for the purpose of taxation in said year, accounts receivable in the amount of $426,031.73 were properly allocable to this state for said purpose; and the appellant in and by said amended appeal likewise admits that of the aforesaid notes' receivable allocated by the Tax Commissioner to the State of Ohio, $175,042.93 is properly allocated to this state for tax purposes. The appellant in and by its amended appeal further states that the Tax Commissioner in making said assessment aforesaid erred in the following respects:
“1. In allocating to Ohio the remainder of said accounts receivable in the sum of $272,021.59, as $251,002.51 thereof resulted from sales consummated in other states by agents of appellant located and having offices in other states, and $21,019.08 thereof resulted from sales of property purchased by appellant from concerns outside of the State of Ohio and delivered by said concerns direct to customers of appellant outside of the State of Ohio.
“2. In allocating to Ohio the remainder of said notes receivable *412 in the sum of $534,360.00, as said notes receivable resulted from sales consumated in other states by agents of appellant located and having offices in other states.
“Said errors have resulted in an erroneous and unlawful assessment of intangible taxes against appellant for the year 1939 in the sum of $1012.58.”
Upon consideration of this case as the same was heard and submitted to the Board of Tax Appeals, the Board finds that the appellant company is a corporation organized under the laws of the State of West Virginia, and that at the time here in question the appellant’s principal and general accounting office and place of business was in the City of Cleveland where it had and still has its main manufacturing plant where it is engaged in the manufacture and 'sale of electric storage batteries; and that invoices on the sale of all goods manufactured and sold by the company are payable to the the company at its general accounting office in the City of Cleveland, Ohio. '
With respect to the item of $21,-019.08 which was allocated by the Tax Commissioner to the State of Ohio for purposes of taxation and which item, as alleged by the appellant in its amended appeal, resulted from the sales of property purchased by the appellant from concerns outside of the State of Ohio and delivered by said concerns direct to customers of the appellant outside of the State of Ohio, the Board finds that said accounts receivable arose out of a transaction or transactions as follows: The Electric Storage Battery Company (of which appellant is a subsidiary) sent to the appellant company orders for goods to be filled by Willard Storage Battery Company of California, a subsidiary of the appellant company, such goods to be delivered by the California corporation to customers of Electric Storage Battery Company on the west coast; and such orders, after being entered on the appellant’s books, were sent to the California corporation to be filled by it. None of the goods so Sold and delivered were ever at any time in the State of Ohio. The Board of Tax Appeals is of the opinion, and so finds, that the Tax Commissioner erred in allocating this item of $21,019.08 of accounts receivable to the State of Ohio for purposes of taxation in said year; and in this respect the action of the Tax Commissioner in making the assessment here in question is reversed.
With respect to the item of $251,002.51 of accounts receivable and the item of $534,360.00 of notes receivable, which the appellant in its amended appeal alleges were erroneously allocated by the Tax Commissioner to the State of Ohio for purposes of taxation in said year, the Board finds that said items of accounts and notes receivable, here in question, arose from sales of appellant’s goods from its manufacturing plant and place of business in Cleveland, Ohio, to independent distributors in states other than Ohio on sales orders of such distributors obtained from the distributors by agents of the appellant company in said respective states other than Ohio. In this connection the Board of Tax Appeals finds that the independent distributors to whom appellant’s goods were sold were persons, firms or corporations who had been previously designated as distributors of appellant’s goods in such other states by standard form contracts executed by such persons, firms or corporations; in and by which on acceptance of the contract by the appellant com *413 pany the distributor agreed to purchase of the appellant goods and products of the kind listed in the contract. All questions with respect to the financial responsibility and credit rating of these independent distributors were determined by the appellant company at its home office in Cleveland, Ohio, prior to or at the time of the execution by the distributor of said agreement; and when thereafter orders for the purchase by such distributors of goods and products of the appellant listed in the contract were forwarded to the appellant company at its office at Cleveland, Ohio, the goods or products of the company called for in said orders were immediately shipped to the distributors from the stock of manufactured goods at the company’s plant at Cleveland without further action by the company with respect to the approval of the sale of the goods covered by the orders. All accounts arising on sale and delivery of the goods in manner as above stated, were payable to the company at its general office at Cleveland by the several distributors to whom goods were sold, whether such accounts were open accounts or were evidenced by notes executed to and made payable to the appellant company. Upon receipt by the distributors of the goods thus sold and delivered to them the distributors sold such goods as their own property to consumers or other customers in their respective states or elsewhere.
On the pertinent facts as they appear in this case the Board finds that the credits accruing on the sale of goods of the appellant thus made to independent distributors in states other than Ohio did not arise and have a taxable situs in such other states merely by reason of the fact that orders for the purchase of such goods ■were obtained therein by agents of the appellant company. Endicott, Johnson & Company v Multnomah County, 96 Ore. 679; Tax Commission v Kelly Springfield Tire Company, 38 Oh Ap 109. And in this situation the Board further finds that the credits represented by the items of accounts and notes receivable have a taxable situs in this state as against the several respective states in which sales orders were taken by appellant’s agents and upon which orders sales were made by appellant upon which said credits accrued; and that, likewise, perhaps, the situs of these credits for purposes of' taxation were in the State of Ohio as against the state of the appellant’s domicile. See Wheeling Steel Corp. v Fox 298 U. S. 193-216. However, aside from any question as to the authority of the state of the appellant’s >2gal domicile to likewise tax these credits or any part of the same, the Board finds under the general law applicable to the question at hand that the credits here in question have a taxable situs in Ohio. Wheeling Steel Corp. v Fox, supra.
Moreover, since it appears that the accounts and notes receivable here in question resulted from sales by the appellant from a stock of goods at its manufacturing plant in this state, such accounts and notes receivable as credits arose out of business transacted in this, state within the purview of §5328-12 GO; and since it appears further from the undisputed facts of this case, as well as by concession of counsel for the appellant, that these accounts and notes receivable as credits were used in business by the appellant in this state, it follows that the items of accounts and notes receivable here in ques *414 tion were expressly made taxable in this state by the provisions of §5328-1 GO.
The Board of Tax Appeals finds, therefore, that the Tax Commissioner did not err in allocating to the State of Ohio for purposes of taxation the item of $251,002.51 of accounts receivable and the item of $534.-360.00 of notes receivable referred to in appellant’s amended appeal; and in this respect the assessment order complained of in appellant’s appeal and amended appeal is hereby affirmed.
The Board of Tax Appeals further finds that the assessment made by the Tax Commissioner on the intangible and personal property tax return of the appellant for the year 1939 was otherwise in all respects correct except as to the item of $21,019.08, above referred to. And it is by the Board of Tax Appeals considered and ordered that a corrected assessment certificate be issued by the Tax Commissioner in accordance with the findings and decision of the Board of Tax Appeals herein made.
BOARD OF TAX APPEALS.