## PROCTER & GAMBLE COMPANY, Appellant, v. EVATT, Appellee.

Ohio Board of Tax Appeals

No. 3023.   Decided April 12, 1943

226

Dinsmore, Shohl, Sawyer & Dinsmore, Cincinnati, and Dargusch, Caren, Greek & King, Columbus, for appellant.

Hon. Thomas J. Herbert, Attorney General, and Perry L. Graham, Asst. Atty. Gen. for appellee.

## ENTRY

This day this cause came on to be heard and was submitted on the transcript of the proceedings before the Tax Commissioner, the stipulation of facts, briefs and oral arguments.

The Board of Tax Appeals being fully advised in the premises finds that the appellant, an Ohio corporation, having its principal office at Cincinnati, Ohio, filed a consolidated intangible and personal property tax return for the year 1939; that the appellant included in said tax return The Procter & Gamble Distributing Company, The Procter & Gamble Manufacturing Company, both of which are Ohio corporations having main offices in Cincinnati, Ohio and certain other subsidiaries of the appellant; that the appellant owned fifty-one per cent or more of the common stock of six other corporations which subsidiaries were omitted from said tax return; that in said tax return the appellant listed its Ohio taxable credits at $4,745,938.00; that thereafter the Tax Commissioner made an assessment against the appellant on the basis of Ohio taxable credits of $9,687,241.00, the net increase resulted from the assignment by the Tax Commissioner of an Ohio situs to the accounts receivable of The Procter & Gamble Distributing Company's district offices located outside of Ohio; and that it is

stated in paragraph 5 of the stipulation of facts if a foreign situs is assigned to said accounts receivable, the Ohio taxable credits would be $4,467,026.00.

The Board further finds that the accounts receivable of The Procter & Gamble Distributing Company's district offices located outside of Ohio accrued from the sale of merchandise by managing agents in said offices; that said sales were made from warehouse stores or plant stocks in the respective districts; that each district office is under the control and supervision of a district manager who has the responsibility of selling, delivering and collecting for Procter & Gamble products, of employing and discharging salesmen and office employes in the district, and of maintaining a credit department and determining all questions in connection with credit sales from which the accounts receivable accrue; that all detailed sales and account records are kept in and by the district office, the records showing only totals of accounts receivable are kept by the main office in Cincinnati; that each district office has full responsibility for the collection of said accounts; that the accounts are paid to the district office and the payments received are deposited by the district manager in a bank in the district; that the deposits made are withdrawable only on signature of an officer from the home office at Cincinnati except that a district manager has authority to accept and honor drafts on the bank account in payment of expenses and purchases in the conduct of the district business; that all expenses of the district are paid by checks drawn at the district office pursuant to the authority and responsibility of the district manager, which checks are forwarded to the home office for signature with the exception of San Francisco, California where funds are withdrawn from the general banking account and placed in an operating fund withdrawable by the district manager for payment of expenses; that in each case all expenses of the district are paid from funds on deposit in the district before any of said funds are withdrawn and used by the home office.

Appellant contends that said accounts receivable have a situs outside of Ohio and are not taxable under the laws of this state. Appellant also contends that it is entitled to exclude from its accounts receivable the inter-company accounts between it and those subsidiaries which were omitted from the consolidated return.

The motion to strike paragraph 24 from the stipulation was sustained but appellant still contends in its brief that in many cases these accounts receivable have been taxed in other

states and for that reason are not taxable by the State of Ohio. If these accounts receivable are taxable under the laws of Ohio it is immaterial whether or not they are taxable in such other states. Cream of Wheat Co. v Grand Forks County, 253 U. S. 329, 64 L. ed. 934; Fidelity & C. Trust Company v Louisville, 245 U. S. 54, 62 L. ed. 145; Curry v McCanless, 307 U. S. 357, 368, 83 L. ed. 1339, 1348.

With respect to such accounts receivable the only question remaining is whether this state by statutory enactment has provided for the taxation of intangible personal property of this kind and in the situation here presented. As to this, §5327, GC, defines the net amount of the current accounts receivable, however evidenced, of a taxpayer in this state as "credits" for the purpose of taxation. Sec. 5328-1 GC, provides among other things, that all credits and other intangible property of persons residing in this state shall be subject to taxation, except that "all such property of persons residing in this state used in and arising out of business transacted outside of this state by, for or on behalf of such persons, * * * shall not be subject to taxation." In this connection §5328-2 GC, provides that property of the kinds and classes therein mentioned, **when used in business** "shall be considered to arise out of business transacted in a state other than that in which the owner thereof resides in the cases and under the circumstances following: In the case of accounts receivable, when resulting from the sale of property sold by an agent having an office in such other state or from a stock of goods maintained therein, or from services performed by an officer, agent or employee connected with, sent from or reporting to any officer or to any office located in such other state." Inasmuch as the accounts and notes receivable here in question accrued to the company on the sale of its property by district offices outside of Ohio from stocks of goods maintained in the respective districts, it clearly appears that within the purview of §§5328-1 and 5328-2 GC these receivables arose out of business transacted in states other than that in which the appellant as the owner of such receivables, resided. However, under the provisions of §§5328-1 and 5328-2 GC, it appears that before intangible property of this kind owned by a corporation or other person residing in Ohio may be said to be nontaxable in this state, it must appear that such receivables not only arose in the conduct of a business of the taxpayer in such other state or states, but that such receivables as intangible property were "used in business" in such other state or states. As to this, effect must be given to the provisions of §5325-1

GC, that within the meaning of the term "used in business" as used in this connection, accounts receivable and other taxable intangibles "shall be considered to be 'used' when 'they or the avails thereof are being applied, or are intended to be applied in the conduct of the business, whether in this state or elsewhere." In this connection it is noted that Rule No. 204 of the Tax Commissioner (Rule 6, Tax Commission) provides in part and so far as the same is here pertinent, as follows:

"***Accounts receivable shall be deemed to be 'used in business' in a state other than the residence of the owner thereof when such accounts are subject to the control and management of an officer or agent of the owner at an office in a state other than that in which the owner thereof resides***."

The particular provisions of these sections of the General Code, just referred to, and, perhaps, that of the rule of the Tax Commissioner as well, are in apparent recognition of the general rule that before a business situs of accounts receivable and other intangible property for purposes of taxation can be given to a state other than the state of domicile of the taxpayer, it must appear that such receivables or other intangible property not only arose in the conduct of the business of the taxpayer in such other state, but were therein so used as to become an integral part of such business. First Bank Stock Corporation v Minnesota, 301 U. S. 234, 237, 81 L. ed. 1061, 1063; Wheeling Steel Corp. v Fox, 298 U. S. 193, 210, 80 L. ed. 1143, 1148; Farmers' Loan & Trust Company v Minnesota, 280 U. S. 204, 213, 74 L. ed. 371, 376; State ex rel. American Automobile Ins. Company v Gehner, 320 Mo. 702; **Tax Commission v Kelly-Springfield Tire Company, 38 Oh App. 109;** Westinghouse Company v Los Angeles, 188 Calif. 491; Endicott, Johnson & Co. v Multnomah County, 96 Ore. 679. See Newark Fire Insurance Company v State Board of Tax Appeals, 307 U. S. 313, 319, 83 L. ed. 1312, 1317. The statutory provisions here in question and the rule of the Tax Commissioner interpreting the same, should be construed in the light of the general rule recognized and applied in the cases above cited. See **State ex rel. v. Sullivan, 81 Oh St. 79.**

Looking to the pertinent provisions of §§5328-1 and 5328-2 GC, in the light of the definitive provisions of §5325-1 GC, above noted, we are of the opinion that the accounts receivable here in question were used in and arose out of business transacted outside of the state and are not subject to taxation

in this state. And the Board of Tax Appeals hereby finds that the Tax Commissioner erred in including said accounts receivable here in question in determining the taxable credits for the appellant for the year 1939.

The Board further finds that under the provisions of §5379 GC, that the appellant is entitled to eliminate in its return the inter-company accounts of those companies only for which the return is made; that the inter-company accounts of those companies omitted from appellant's return do not come within the provisions of said §5379 GC.

The stipulation of facts states that in the event a foreign situs is assigned to the accounts receivable at issue herein, the Ohio taxable credits would be $4,467,026.00 which is an amount less than that listed by the appellant in its return, to-wit, $4,745,938.00. Sec. 5389 GC, provides that a claim for any deduction from the net book value accounts receivable must be made in writing by the taxpayer at the time of making the return. Appellant filed no such claim and at least under the facts in this case, appellant cannot in an appeal before this Board for the first time claim a deduction from the amount it voluntarily returned.

It is therefore by the Board of Tax Appeals considered and ordered that the Tax Commissioner issue a corrected assessment certificate assessing as Ohio taxable credits of the appellant for the year 1939 the sum of $4,745,938.00 as listed by the appellant in its return for said year and as so modified, said assessment be and the same hereby is affirmed, all of which is without prejudice to separate appeals filed by the appellant involving other matters in its 1939 tax return.

No. 3624. Decided April 12, 1943.

## ENTRY

This day this cause came on to be heard and was submitted on the transcript of the proceedings before the Tax Commissioner, the stipulation of facts, briefs and oral arguments.

The Board of Tax Appeals being fully advised in the premises finds that the appellant, an Ohio corporation having its principal office at Cincinnati, Ohio, filed a consolidated intangible and personal property tax return for the year 1940; that the appellant included in said tax return The Procter & Gamble Distributing Company. The Procter & Gamble Manufacturing Company, both of which are Ohio corporations hav-

ing main offices in Cincinnati, Ohio and certain other subsidiaries of the appellant; that the appellant owned fifty-one per cent or more of the common stock of six other corporations which subsidiaries were omitted from said tax return; that in said tax return the appellant listed its Ohio taxable credits at $6,104,690.00; that thereafter the Tax Commissioner made an assessment against the appellant on the basis of Ohio taxable credits of $12,118,889.00, the net increase resulted from the assignment by the Tax Commissioner of an Ohio situs to the accounts receivable of The Procter & Gamble Distributing Company's district offices located outside of Ohio; and that it is stated in paragraph 5 of the stipulation of facts if a foreign situs is assigned to said accounts receivable, the Ohio taxable credits would be $5,632,398.00.

The Board further finds that the accounts receivable of The Procter & Gamble Distributing Company district offices located outside of Ohio accrued from the sale of merchandise by managing agents in said offices; that said sales were made from warehouse stores or plant stocks in the respective districts; that each district office is under the control and supervision of a district manager who has the responsibility of selling, delivering and collecting for Procter & Gamble products, of employing and discharging salesmen and office employes in the district, and of maintaining a credit department and determining all questions in connection with credit sales from which the accounts receivable accrue; that all detail sales and account records are kept in and by the district office, the records showing only totals of accounts receivable are kept by main office in Cincinnati; that each district office has full responsibility for the collection of said accounts; that the accounts are paid to the district office and the payments received are deposited by the district manager in a bank in the district; that the deposits made are withdrawable only on signature of an officer from the home office at Cincinnati except that a district manager has authority to accept and honor drafts on the bank account in payment of expenses and purchases in the conduct of the district business; that all expenses of the district are paid by checks drawn at the district office pursuant to the authority and responsibility of the district manager, which checks are forwarded to the home office for signature with the exception of San Francisco, California, where funds are withdrawn from the general banking account and placed in an operating fund withdrawable by the district manager for payment of expenses; that in each case all expenses of the district are paid from funds on deposit in

232

the district before any of said funds are withdrawn and used by the home office.

Appellant contends that said accounts receivable have a situs outside of Ohio and are not taxable under the laws of this state. Appellant also contends that it is entitled to exclude from its accounts receivable the inter-company accounts between it and those subsidiaries which were omitted from the consolidated return.

The motion to strike paragraph 24 from the stipulation was sustained but appellant still contends in its brief that in many cases these accounts receivable have been taxed in other states and for that reason are not taxable by the State of Ohio. If these accounts receivable are taxable under the laws of Ohio it is immaterial whether or not they are taxable in such other states. Cream of Wheat Co. v Grand Forks County, 253 U. S. 329, 64 L. ed. 934; Fidelity & C. Trust Company v Louisville, 245 U. S. 54, 62 L. ed. 145; Curry v McCanless, 307 U. S. 357, 368, 83 L. ed. 1339, 1348.

With repect to such accounts receivable the only question remaining is whether this state by statutory enactment has provided for the taxation of intangible personal property of this kind and in the situation here presented. As to this, §5327 GC, defines the net amount of the current receivable, however evidenced, of a taxpayer in this state as "credits" for the purposes of taxation. Sec. 5328-1 GC provides, among other things, that all credits and other intangible property of persons residing in this state shall be subject to taxation, except that "all such property of persons residing in this state used in and arising out of business transacted outside of this state by, for or on behalf of such persons, * * * shall not be subject to taxation." In this connection §5328-2 GC, provides that property of the kinds and classes therein mentioned, when used in business, "shall be considered to arise out of business transacted in a state other than that in which the owner thereof resides in the cases and under the circumstances following: In the case of accounts receivable, when resulting from the sale of property sold by an agent having an office in such other state or from a stock of goods maintained therein, or from services performed by an officer, agent or employee connected with, sent from or reporting to any officer or to any office located in such other state." Inasmuch as the accounts and notes receivable here in question accrued to the company on the sale of its property by district offices outside of Ohio from stocks of goods maintained in the respective districts, it clearly appears that within the purview of §§5328-1 and 5328-2

GC, these receivables arose out of business transacted in states other than that in which the appellant as the owner of such receivables, resided. However, under the provisions of §§5328-1 and 5328-2 GC it appears that before intangible property of this kind owned by a corporation or other person residing in Ohio may be said to be nontaxable in this state, it must appear that such receivables not only arose in the conduct of a business of the taxpayer in such other state or states, but that such receivables as intangible property were "used in business" in such other state or states. As to this, effect must be given to the provisions of §5325-1 GC, that within the meaning of the term "used in business" as used in this connection, accounts receivable and other taxable intangibles "shall be considered to be 'used' when they or the avails thereof are being applied, or are intended to be applied in the conduct of the business, whether in this state or elsewhere." In this connection it is noted that Rule No. 204 of the Tax Commissioner (Rule 6, Tax Commission) provides in part and so far as the same is here pertinent, as follows:

"**Accounts receivable shall be deemed to be 'used in business' in a state other than the residence of the owner thereof when such accounts are subject to the control and management of an officer or agent of the owner at an office in a state other than that in which the owner thereof resides * * *."

The particular provisions of these sections of the General Code, just referred to, and, perhaps, that of the rule of the Tax Commissioner as well, are in apparent recognition of the general rule that before a business situs of accounts receivable and other intangible property for purposes of taxation can be given to a state other than the state of domicile of the taxpayer, it must appear that such receivables or other intangible property not only arose in the conduct of the business of the taxpayer in such other state, but were therein so used as to become an integral part of such business. First Bank Stock Corporation v Minnesota, 301 U. S. 234, 237, 81 L. ed. 1061, 1063; Wheeling Steel Corp. v Fox, 298 U. S. 193, 210, 80 L. ed, 1143, 1148; Farmers' Loan & Trust Company v Minnesota, 280 U. S. 204, 213, 74 L. ed. 371; State ex rel. American Automobile Ins. Company v Gehner, 320 Mo. 702; **Tax Commission v Kelly-Springfield Tire Company, 38 Oh App. 109;** Westinghouse Company v Los Angeles, 188 Calif. 491; Endi-

cott, Johnson & Co. v Multnomah County, 96 Ore. 679. See Newark Fire Insurance Company v State Board of Tax Appeals, 307 U. S. 313; 319, 83 L. ed. 1312, 1317. The statutory provisions here in question and the rule of the Tax Commissioner interpreting the same, should be construed in the light of the general rule recognized and applied in the cases above cited. See State ex rel. v Sullivan, 81 Oh St 79.

Looking to the pertinent provisions of §§5328-1 and 5328-2 ■ GC, in the light of the definitive provisions of §5325-1 GC, above noted, we are of the opinion that the accounts receivable here in question were used in and arose out of business transacted outside of the state and are not subject to taxation in this state. And the Board of Tax Appeals hereby finds that the Tax Commissioner erred in including said accounts receivable here in question in determining the taxable credits for the appellant for the year 1940.

The Board further finds that under provisions of §5379 GC that the appellant is entitled to eliminate in its return the inter-company accounts of those companies only for ■ which the return is made; that the inter-company accounts of those companies omitted from appellant's return do not come within the provisions of said §5379 GC.

The stipulation of facts states that in the event a foreign situs is assigned to the accounts receivable at issue herein, the Ohio taxable credits would be $5,632,398.00 which is an amount less than that listed by the appellant in its return, to-wit, $6,104,690.00  Sec. 5389 GC, provides that a claim for any deduction from the net book value of accounts receivable must be made in writing by the taxpayer at the time of making the return. Appellant filed no such claim and at least under the facts in this case, appellant cannot in an appeal before this Board for the first time claim a deduction from the amount it voluntarily returned.

It is therefore by the Board of Tax Appeals considered and ordered that the Tax Commissioner issue a corrected assessment certificate assessing as Ohio taxable credits of the appellant for the year 1940 the sum of $6,104,690.00 as listed by the appellant in its return for said year and as so modified, said assessment be and the same hereby is affirmed, all of which is without prejudice to separate appeals filed by the appellant involving other matters in its 1940 tax return.