Argued March 2, affirmed March 22, 1927.

## MICHELIN TIRE COMPANY *v.* T. M. HURLBURT, SHERIFF.

(254 Pac. 196.)

**Taxation—Authority to Assess Property is Statutory.**
1.  Authority to assess property is found only in statute.

**Taxation—Intangible Property Ordinarily Follows Owner for Purposes of Taxation.**
2.  For purposes of taxation intangible property ordinarily follows person of owner.

**Taxation—In Absence of Definite Statutory Provision, Intangible Property can be Taxed Only at Owner's Residence.**
3.  Intangible property cannot be taxed elsewhere than at residence of owner, in absence of clear and definite statute to the contrary.

**Taxation—Open Accounts of Foreign Corporation Directing Salesmen and Receiving Payments at Home Office in Another State Held not Subject to Local Taxation, Though Merchandise was Kept in Local Warehouse (Or. L., §§ 4232, 4234).**
4.  Where traveling agent, sent from and controlled by home office of corporation in California, solicited orders which were sent to home office, company's open accounts for money payable at home office *held* not taxable in Oregon, under Sections 4232, 4234, Or. L., covering personal property situated or owned within state, though goods were shipped from local warehouse.

Taxation, 37 Cyc., p. 718, n. 86, 89, p. 724, n. 32, p. 806, n. 72.

From Multnomah: J. U. CAMPBELL, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Stanley Myers,* District Attorney, and *Mr. Samuel H. Pierce,* Deputy District Attorney, with an oral argument by *Mr. Leon W. Behrman,* Deputy District Attorney.

1.  See 26 R. C. L. 28.
2.  See 26 R. C. L. 274.

For respondent there was a brief over the name of *Messrs. Hodges & Gay,* with an oral argument by *Mr. C. M. Hodges.*

*Mr. Sidney Teiser, Amicus Curiae.*

BURNETT, C. J.—The plaintiff is a corporation organized and existing under the laws of California with its principal office in that state. The defendant Hurlburt is sheriff and tax collector in Multnomah County in this state. The plaintiff at the time mentioned in the complaint was authorized to transact business in the State of Oregon. For several years it had been shipping to Portland from San Francisco by water quantities of its merchandise which it stored in a warehouse in Portland and from thence distributed it to its customers throughout the States of Washington, Oregon, Idaho and Montana. There is testimony to the effect that goods are shipped from San Francisco to Portland for the double purpose of taking advantage *pro tanto* of the cheaper water carriage between those points and of establishing a point of distribution that is much nearer buyers in those states. The plaintiff was assessed on the assessment-roll of Multnomah County for the tangible merchandise thus stored as well as for its open unpaid accounts for money due from customers in the states named for merchandise sold to them. This suit was brought to enjoin the sheriff from collecting taxes for the year 1924 on these open accounts.

There is but little dispute about the facts in the case but there is contention about the law applicable to those facts. The hearing resulted in a decree for the plaintiff annulling the tax on the open accounts

and restraining the sheriff and tax collector from demanding or collecting the same from the plaintiff.

As a condensed statement illustrating the situation, the following quotation is made from the findings of fact filed by the court after the hearing:

"That the home office of the plaintiff is at San Francisco, in the State of California; that all orders for the sale of merchandise are sent direct to the home office; that all orders for merchandise are accepted at the home office, but the goods are re-shipped from the distributing point at Portland; that the manager and assistant manager of the Portland branch office receive their pay direct from the home office; that no traveling salesmen are employed, paid, discharged or otherwise dealt with by any employees of the plaintiff at Portland; that no traveling salesmen are sent out from or report to the branch office at Portland; that none of the employees of the plaintiff, at Portland, have any authority to, nor do they extend credit to any new customer, nor do they deal with any old customer, except upon orders and instructions from the home office; that the Portland branch does not take any money from the sale of merchandise into and as a part of its business, but if any is received it is transmitted through the mails or through the bank direct to the plaintiff at its home office; that all credit arrangements are made for the purchase of merchandise at the home office; that the agreement made with customers is that they pay their accounts at the home office, and that they do pay it there; that the accounts receivable so listed on said tax statement, as of March 1, 1924, were for goods sold by the plaintiff, at its home office, to its customers in the States of Oregon, Washington, Idaho and Montana, and that the amounts due therefor, from its customers in each state, are as follows:

Oregon ........................ $9,615.94
Washington .................... 8,356.91
Idaho ......................... 1,121.36
Montana ....................... 1,774.38"

The issue depends mainly upon Sections 4232 and 4234, Or. L., reading thus:

"All real property within this state, and all personal property situated or owned within this state, except such as may be specifically exempted by law, shall be subject to assessment and taxation in equal and ratable proportion.

"The terms 'personal estate' and 'personal property' shall be construed to include all things in action, household furniture, goods, chattels, moneys, and gold dust, on hand or on deposit; all boats and vessels, whether at home or abroad, and all capital invested therein; all debts due or to become due from solvent debtors, whether on account, contract, note, mortgage, or otherwise, either within or without this state; all public stocks; all bonds, warrants, and moneys due or to become due from this state, or any county or other municipal subdivision thereof; and stocks and shares in incorporated companies, and such proportion of the capital of incorporated companies liable to taxation on their capital as shall not be invested in real estate; and all improvements made by persons on lands claimed by them under the laws of the United States, the fee of which lands is still vested in the United States."

1–3. The authority to assess property is found only in the statute. To be assessable, the personal property must be situated or owned within this state. No other kind of personal property is amenable to the tax gatherer and there must be some situation attendant upon the matter clearly to locate personalty in whatever form it may be within the confines of this state. It is manifest from the findings of the court, which are amply supported by the evidence, that these open accounts are not situated in the state. Ordinarily and naturally intangible property such as here involved follows the person of the owner and there

121 Or.—8

must be a clear and definite statute changing this relation before such property can be taxed elsewhere than at the residence of the owner.

Mr. Justice HARRIS, writing in *Endicott, Johnson & Co.* v. *Multnomah County,* 96 Or. 679 (190 Pac. 1109), construed these very sections. In that instance a traveling salesman, who merely interviewed customers in this state, took orders for goods and transmitted those orders to the plaintiff firm at its home office in New York. If the orders were accepted the firm shipped the goods direct to the customer in Oregon, for which it was alleged that in some instances notes were given and in others the account was allowed to remain open. Substitutng the numbers of the sections of Lord's Oregon Laws for the numbers of the same sections in the present compilation, the learned justice wrote thus:

"It will be noted that section 4234, Or. L., defines the 'personal property' which, according to section 4232, Or. L., shall be subject to assessment and taxation; and, included in this definition of personal property are 'debts due or to become due from solvent debtors, whether on account, contract, note, mortgage or otherwise, either within or without this state.' It is obvious that the notes and accounts for which Endicott, Johnson & Company have been assessed are not situated in this state; nor can it be said that they are owned in this state, because the owner is domiciled in New York. See opinion of Mr. Justice HATCH in *People* v. *Barker,* 84 App. Div. 469 (83 N. Y. Supp. 33, 37), and see, also, note in 36 L. R. A. (N. S.) 297.

"When, as already stated, we read these two sections of the Code in the light of their history and when we do this, remembering that the domicile of the owner *prima facie* furnishes the *situs* of personalty for the purposes of property taxation, and that unequivocal words are ordinarily needed in any legislation designed to separate the personal property

from the domicile of the owner, it becomes manifest that the legislature did not attempt to tax notes and accounts arising out of business transactions like those involved here: *Johnson* v. *City Council,* 3 Or. 13; note in L. R. A. 1915C, 904, 910; 26 R. C. L. 287; *W. W. Kimball Co.* v. *Shawnee Co.,* 99 Kan. 302 (161 Pac. 644, L. R. A. 1917B, 1282); *Dallinger* v. *Rapello* (C. C.), 14 Fed. 32; *Bears* v. *Grand Rapids,* 129 Mich. 572 (89 N. W. 328)."

4. This construction of those sections is authoritative and governs this case. The accounts here in question originate in precisely the same manner as in that case. A traveling agent sent and controlled from the home office comes into Oregon, solicits orders which he sends to the home office in California. If there approved, directions are issued from there to the warehouse in Portland to forward the merchandise to the purchaser who contracts to pay the price to the home office. Really, the men in charge of the warehouse at Portland, are only forwarders and have no direct connection with the creation of the indebtedness represented by the accounts.

The decree of the Circuit Court is affirmed.

AFFIRMED.

McBRIDE, BEAN and BROWN, JJ., concur.