IONE B. JONES, Individually, and IONE B. JONES
and GRANT R. JONES, Personal Representatives of
the Estate of VICTOR N. JONES, Deceased *v.*
DEPARTMENT OF REVENUE

Charles J. Pruitt, Dezendorf, Spears, Lubersky &
Campbell, Portland, represented plaintiffs.

G. F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiffs, overruling demurrer, rendered December 20, 1974.

CARLISLE B. ROBERTS, Judge.

The plaintiffs have appealed from the defendant Department of Revenue's Order No. I-74-12 (dated March 4, 1974), which assessed personal income tax deficiencies for the years 1969, 1970 and 1971. The facts are not disputed. The question presented is whether ORS 316.127 (1969 Replacement Part) authorizes the defendant to impose personal income taxes upon plaintiffs, nonresidents of Oregon, for interest received in connection with payments to them as sellers under a contract of sale of real property situated in Oregon. (A second issue, raised in the complaint, regarding plaintiffs' basis in the real property, was withdrawn in court.)

On or about March 2, 1964, Mr. Victor N. Jones, a resident of the State of Washington, acquired ownership of a parcel of land and improvements thereon known as "Ione Plaza Apartments," located in Portland, Oregon. Mr. Jones and his wife, Ione B. Jones, at the time of the acquisition of the property and at all times thereafter, were residents of the State of Washington, a community property state. On August 1, 1969, Mr. Jones and the individual plaintiff, Ione B. Jones, sold the Ione Plaza Apartments for a total purchase price of $3,750,000. Pursuant to the contract of sale, $1,076,891.98 of the purchase price was deferred for a term of years, with a provision for the payment of interest on the deferred balance at the rate of 7 percent per annum. The plaintiffs received $25,127 of

interest on the deferred payments in 1969. Mr. Jones died on December 14, 1969, and his estate received additional interest of $34,550 in the fiscal year ending November 30, 1970, and $37,691 in the fiscal year ending November 30, 1971. The plaintiff Ione B. Jones individually received $37,691 interest on the deferred payments in her 1970 and 1971 tax years. In each of these years, the plaintiffs filed the appropriate Oregon personal income tax returns but excluded all interest received on account of the deferred purchase payments on the ground that the State of Oregon did not tax such interest. For each of the years, auditors of the Department of Revenue have adjusted the appropriate returns to include the interest income as taxable income for Oregon income tax purposes and have assessed the deficiency and interest amounts apparently due on these items.

The sole question before this court is whether or not the allegations in the complaint objecting to the taxation of interest income, which was affirmed by the Department of Revenue, state facts sufficient to constitute a cause of suit. The defendant's contention is that the plain language of ORS 316.127, as enforced during the years in question, imposes a tax on the interest income derived from an installment sales contract of Oregon land, and therefore the plaintiffs have not stated a cause of suit.

ORS 316.127, adopted by Or Laws 1969, ch 493, § 23, defines the taxable income attributable to sources within this state and therefore taxable to nonresidents as follows:

"(2) Items of income, gain, loss and deduction derived from or connected with sources within this state are those items attributable to:

"(a) The ownership or disposition of any inter-

est in real or tangible personal property in this state; and

"(b) A business, trade, profession or occupation carried on in this state.

"(3) Income from intangible personal property, including annuities, dividends, interest and gains from the disposition of intangible personal property, constitutes income derived from sources within this state only to the extent that such income is from property employed in a business, trade, profession or occupation carried on in this state."

The defendant asserts that the interest on the sales contract in question is taxable under ORS 316.127(2) as income from the disposition of an interest in real property located in the state.

Prior to the adoption of the Personal Income Tax Act of 1969, of which ORS 316.127 is a part, such income was taxed under ORS 316.055(2) (1965 Replacement Part). That section included in nonresidents' taxable income the net income "from all property located in the state, *including interest,* or any amount in lieu thereof, upon the deferred *payments of the selling price received in connection with the sale of such property,* * * *." (Emphasis supplied.) The Department of Revenue contends that the language quoted is implicit in ORS 316.127(2) and (2)(a). In its argument, the defendant observed that the printed regulations promulgated by the Oregon State Tax Commission in 1965 pertaining to ORS 316.055(2) and those issued by the Department of Revenue in 1969, contemporaneously with the enactment of the new law, respecting ORS 316.127(1), are exactly the same. Each regulation states that:

"*Sales of property.* The gain or profit from any sale, exchange or other disposition by a nonresident of real or tangible personal property located in

this state is taxable, even though it is not connected with a business carried on in this state; and the loss from such a transaction is deductible if a business loss or transaction entered into for profit. The gain or loss from the sale, exchange or other disposition by a nonresident of real property or tangible personal property located in this state is determined in the same manner, and is recognized to the same extent, as the gain or loss from a similar transaction by a resident."

As written, the regulation does not specify or imply that interest income on installment sales is taxable to a nonresident. This is clearly set out in the words of the pre-1969 act but not in the regulation pertinent to either the prior law or the 1969 statute.

The defendant also has referred to its published tax law abstract, ITLA(CE) 316.127/p 1, OF 2441, 1-22-70, interpreting ORS 316.127 which states, as a conclusion, that ORS 316.127 taxes a nonresident on interest income which has its source in a mortgage note from the sale of Oregon property.

■ Regulations and rulings of an administrative agency are highly persuasive as contemporaneous construction of a statute, but they are not controlling. *Keyes v. Chambers et al,* 209 Or 640, 661, 307 P2d 498 (1957). No judicial decisions have been cited by the defendant to support its statutory interpretation.

A careful study of ORS 316.127, with its nine subsections, indicates that substantial experience and effort were involved in its drafting. There are subdivisions relating to taxation of several classifications of property of nonresidents for income tax purposes; i.e., subsection (2)(a) refers to real property and tangible personal property; subsection (3) relates to intangible personal property and restricts the tax to

income from only such property as is employed in a business, trade, profession or occupation carried on in Oregon; subsection (2) makes a distinction between income derived (a) from the ownership or disposition of any interest in real or tangible personal property and (b) income derived from a business, trade, profession or occupation carried on in this state.

There is no question in this suit that the sale of the real property constituting the "Ione Plaza Apartments" was a capital transaction, not in the ordinary course of business. This eliminates further consideration of ORS 316.127(2)(b) and (3). The defendant's purported statutory mandate to tax the interest arising from the contract of sale must be found in subsection (2)(a), if at all. Plaintiffs have conceded that the capital gain on the transaction was subject to tax under subsection (2)(a) as a "disposition of any interest in real * * * property in this state." The use of the word "disposition" contributes to the difficulty in this inquiry. It unquestionably relates to the act of selling the property, but is it broad enough to include the payment of interest required by the deferment of payments allowed in the contract of sale?

 In reviewing legal concepts pertinent to this sale, the court must take notice of the doctrine of equitable conversion as applied to contracts for the purchase and sale of realty. As stated in *Panushka v. Panushka*, 221 Or 145, 149-150, 349 P2d 450 (1960):

> "* * * Upon the execution of the contract, the two contracting parties change positions. The purchaser's interest is 'land,' and the right and interest conferred by the contract upon the vendor is 'personal property,' i.e., ownership of the right to receive the purchase money. * * *"

The execution of a land contract creates a new value,

economically, similar to the borrowing of money at a bank, a transaction evidenced by a note secured by a mortgage, which is an item of intangible personal property. *Felkins v. Dept. of Rev.*, 5 OTR —— (1974). For purposes of taxation, intangible property ordinarily follows the person of the owner. *Michelin Tire Co. v. Hurlburt*, 121 Or 110, 254 P 196 (1927). This is the rule followed under ORS 316.127 except where "such income is from property employed in a business, trade, profession or occupation carried on in this state." ORS 316.127(3).

■■ The power of the state to tax such income is undoubted (based in part on the fact that if the seller seeks recourse against the buyer through foreclosure of the land contract, he must have recourse to the courts and services provided by this state). However, it would be expected that the general rule of *mobilia sequuntur personam* would be followed, lacking a clear statutory requirement, like that found in ORS 316.055(2) (1965 Replacement Part), which specifically includes "interest, or any amount in lieu thereof, upon the deferred payments of the selling price received in connection with the sale of such property, * * * ."[1]

■ ORS 316.127(2)(a) is ambiguous. In this situation, the court resorts to a fundamental precept of statutory construction with respect to laws creating tax liabilities. "Where there is reasonable doubt as to

[1] In fact, the court hazards the opinion that if ORS 316.127 (1969 Replacement Part) had been enacted without the prior experience of defendant in administering ORS 316.055(2) (1965 Replacement Part), the present question would not have arisen. It appears to the court that the defendant has carried into a new and substantially different law, the Personal Income Tax Act of 1969, the procedure of taxing certain interest payments to nonresidents which was properly followed only in the Personal Income Tax Act of 1953.

the meaning of a revenue statute, the doubt is resolved in favor of those taxed." 3 *Sutherland Statutory Construction* 179, § 66.01 (C. Sands, 4th ed 1974).[2] This is the rule in Oregon. *See Crook v. Curry County,* 206 Or 350, 356, 292 P2d 1080 (1956) ; *Tuttle v. Beem,* 144 Or 145, 152, 24 P2d 12 (1933). In *Gould v. Gould,* 245 US 151, 38 S Ct 53, 62 L Ed 211, 1 USTC ¶ 13, 3 AFTR 2958 (1917), the Supreme Court held, at 153 :

> "In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen. * * *"

■ The court, therefore, concludes that ORS 316.127(2) does not authorize the taxation of the interest payments received by a nonresident arising from the deferred payments of a buyer under an installment contract of sale of land in Oregon. The source of the income is not from the sale of the property but rather from the use of money permitted the buyer in an installment contract, a chose in action, an intangible item of personal property. The demurrer to plaintiffs' complaint as to the issue reviewed herein cannot be sustained. Now, therefore,

IT IS ORDERED that defendant's demurrer to plaintiffs' complaint on the issue of the taxation of interest payments to a nonresident should be and hereby is overruled. Defendant is allowed 15 days in which to answer over.

---

[2] The reference is to the imposition of taxes. Tax exemptions are under a different rule. *See Sutherland Statutory Construction, supra,* § 66.09.